IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES DANIEL LEDBETTER, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-922-O |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, James Daniel Ledbetter, a state prisoner confined in the Tarrant County jail, against Dee Anderson, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot, in part, and for lack of jurisdiction, in part.

**I. BACKGROUND**

At the time this petition was filed, Petitioner was awaiting trial in cause number 1257604 in County Criminal Court Number Eight of Tarrant County, Texas, for misdemeanor driving while intoxicated.[1] Resp't's Reply, App. J. and Sentence, ECF No. 10. On December 18, 2014, Petitioner pleaded guilty to the offense and was ordered to pay a fine and court costs and to serve thirty days in the county jail. *Id.* Having served his sentence, Petitioner notified the Court of his change of address to Celina, Texas, where he resides. Notice, ECF No. 9.

In this petition, Petitioner complains that, in violation of his constitutional rights, the trial

---

[1] Petitioner was also charged with unlawful carrying of a weapon in cause number 1257605, which was dismissed on the state's motion upon Petitioner's plea in cause number 1257604. Resp't's Reply, App. Motion to Dismiss, ECF No. 10.

court revoked his bonds for failing to appear, for exercising his right to proceed pro se and for failing to obey the court's order to obtain an attorney; he received ineffective assistance of counsel; the sheriff's department failed to insure "prompt appearance before a judicial officer whom issues a body attachment warrant for failure to appear"; and he did not receive "an immediate hearing in front of [the] issuing court." Pet. 5-6(a), ECF No. 1. He requests–

> cases dismissed, immediate release from jail, compensation for time spent incarcerated, sanctions appropriate for the action pertrayed [sic] by the officials, policies to change.

*Id.* at 7.

## II. DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, as to his request for immediate release, Petitioner is no longer a pretrial detainee having pleaded guilty and been convicted of the charged offense. The issues presented challenging the lawfulness of his pretrial detention have been rendered moot. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction). Therefore, this federal habeas corpus proceeding is moot as those issues.

As to Petitioner requests for case dismissals, sanctions against state official, policy change


and compensatory damages, this Court has no authority to grant such relief in a habeas action. Thus, those issues fail to state a claim upon which relief may be granted.

## III.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for mootness, in part, and for failure to state a claim upon which relief may be granted, in part. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of January, 2016.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**